# CASES

## ARGUED AND DETERMINED

### IN THE

## United States Circuit and District Courts.

---

### CHAPMAN *v.* CHAPMAN and others.

*(Circuit Court, D. Kansas. June 9, 1886.)*

1. REMOVAL OF CAUSE—JURISDICTION—SEPARABLE CONTROVERSY—SUBJECTING LAND TO PAYMENT OF ALIMONY.

   An action by a divorced woman against the heirs of her former husband, to subject lands of which he died seized to the payment of her alimony, does not present a separable controversy as to any of the defendants.

2. SAME—REMAND.

   In such a case, some of the defendants being territorial citizens, with no right of removal, the entire controversy must be adjudicated in the state courts.

Motion to Remand, on Grounds of Citizenship.

*H. L. Poplin,* for plaintiff.

*A. Bergen,* for defendants.

BREWER, J. On motion to remand. This case presents a curious combination of causes, or supposed causes, of action. Removal was sought on the ground of citizenship. Several of the defendants are citizens of territories, and, of course, have no right to a removal. It is claimed, however, that a separate controversy exists between the plaintiff and one of the defendants, and therefore that that defendant can remove the entire case, she and he being citizens of different states. The petition alleges that she obtained a decree for alimony in 1858, in Ohio; that subsequently, and after a decree of divorce, her husband, owning land in this state, conveyed that land to his son, Charles W. Chapman, one of the defendants. He thereafter died, leaving other children, who are also made parties defendant. She says that this deed from her husband to Charles W. Chapman was made in trust, not specifying what the trust was. She also says that it was made with the intent to defraud his creditors, herself among others; and she prays that this alimony awarded to her — this decree for alimony — be declared a lien upon this tract; that the deed

v.28F.no.1—1

from her husband be adjudged void, the land sold, and out of the proceeds the alimony first paid; then that, out of the fractional interest in the remainder belonging to Charles W. Chapman as one of the heirs of her husband, she be paid $10,000 damages, which she alleges she has sustained by reason of the non-payment of this alimony, and that the balance be distributed among the other heirs of her husband. She further says that she obtained her divorce from her husband on the ground of his fault, and that she is entitled, therefore, under the Kansas statute, to one-half interest in the land, which she prays may be set over to her. All these things are grouped together in one petition.

So far as the complaint for damages against Charles W. Chapman is concerned, it does not seem to me that she states any cause of action at all; and so far as the balance of the case is concerned, in it the other heirs are interested. The mere fact that she could have maintained an action against Charles W. Chapman alone does not necessarily determine the question of a separable controversy. If there was an action of tort,—an assault and battery committed by two defendants,—she could maintain an action against either one separately; but if she joins the two, there is but a single controversy. There is not a separable controversy between her and each defendant. So, here, if this conveyance was made in trust, as she says, the heirs of her husband—the grantor of that trust—are interested in the land after the trust has been performed, and interested against her claim to inherit one-half, as well as to subject the land to the payment of the alimony. This is the character of her averment: that they are interested as the heirs of her husband. She has but one claim in this respect against them all. Whether, as a matter of fact, they are interested,—whether the deed was made in trust or in fraud,—cannot be determined until the testimony is presented. But upon the face of the papers there is no separable controversy between him and her, and therefore a motion to remand must be sustained.